This action is for recovery of $90 and interest on a written guarantee by defendant for payment of a judgment recovered by plaintiff against McDowell Reynolds. Mark W. Brown, attorney for creditors, obtained judgment on 4 December, 1916, before a magistrate against McDowell 
Reynolds in favor of the plaintiff for $90, and at the same time two others in favor of Fleishman, Morris Co. for $348.63. Executions were issued on all three. When the sheriff was about to close debtors' place of business, the defendant (who was sister in law of McDowell) sent E. B. Atkinson to see the attorney for judgment creditors "in reference to defendant guaranteeing the payment of the judgments which Mark W. Brown had procured before J. D. Dermid, Justice of the Peace, so as to have said executions withdrawn."
The defendant thereupon wrote a letter to said Brown 4 January, 1917, as follows: "If you will extend the judgments that you hold against McDowell 
Reynolds for such terms — say they make four (4) payments (naming 4 February, 4 March, 4 April, and 4 May) if this is satisfactory to you I will see that these payments are made as per agreement. MISS ANNIE E. WEST."
On the next day said M. W. Brown wrote the defendant accepting her guarantee, mentioning specifically all three judgments with the *Page 601 
amounts and asking that if she did not understand that she was to pay these judgments in installments on the dates mentioned, to let him know. To this the defendant made no objection. On 6 February said Brown wrote her a note again naming all three judgments specifically and stating that unless $100 was sent him at once he would institute suit. To this the defendant replied: "I sent you today $41.50 on first payment of judgments against McDowell Reynolds. I will ask you to extend time for payment of the remainder until the 12th."
The defendant testified that she did not understand that she (566) was guaranteeing this judgment as well as the other two, but on cross-examination stated she knew that three judgments had been taken by Brown before the justice of the peace at the time she wrote him the guarantee on 4 January; that she does not know why she did not except this judgment.
From verdict and judgment in favor of defendant the plaintiff appealed.
It was error to admit the testimony of the defendant that she did not understand she was guaranteeing this judgment in the written guarantee she sent Brown, for she testified that she knew there were three judgments held by Brown, all taken at the same time, and it was to procure the holding up of the levy of the executions upon these judgments that the guarantee was given.
The court also erred in refusing to charge as prayed by the plaintiff, "If the jury believes all the evidence in this case, it will answer the issue `Yes, $90 and interest.'"
It is elementary that a written agreement can not be changed, altered, or varied by a contemporaneous parol agreement, and in this case, the defendant does not even allege nor put in evidence such parol change of the contract, but merely says that she "did not understand" that she was guaranteeing all three judgments.
There were other errors, but it is not necessary to discuss them.
New trial. *Page 602